IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| NOVOZYMES A/S <br><br> Plaintiff, <br><br> v. <br><br> GENENCOR INTERNATIONAL, INC. <br><br> Defendant. | Civ. Action No. _____ |

## COMPLAINT

Plaintiff Novozymes A/S ("Novozymes"), by its attorneys, for its complaint against Genencor International, Inc. ("Genencor") alleges as follows:

### The Parties

1.      Plaintiff Novozymes is a Danish corporation having a place of business at Krogshoejvej 36, DK-2800, Bagsvaerd, Denmark.

2.      Upon information and belief, Defendant Genencor is a corporation existing under the laws of the State of Delaware and having its principal place of business at 925 Page Mill Road, Palo Alto, California, 94304.

### Nature of the Action

3.      This is an action to remedy the Judgment and Decision on Motions (issued September 29, 2005) of the Board of Patent Appeals and Interferences (the "Board") of the United States Patent and Trademark Office, as provided for by 35 U.S.C. § 146. The

interference proceeding relevant to this action is Interference No. 105,205 ("the '205 Interference"), entitled Randy M. Berka, Daniel Cullen, Gregory L. Gray, Kirk J. Hayenga and Virgil B. Lawlis (Party "Berka") v. Esper Boel, Tove Christensen and Helle F. Woldike (Party "Boel").

## Jurisdiction and Venue

4.      This is a civil action arising under the patent laws of the United States, Title 35 of the United States Code.  This Court is vested with subject matter over this action pursuant to 35 U.S.C. § 146 and 28 U.S.C. §§ 1331 and 1338(a).  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

5.      35 U.S.C. § 146 allows any party to an interference dissatisfied with the decision of the Board to have remedy by civil action.

## Background

6.      Plaintiff realleges paragraphs 1 through 5 above as if fully set forth herein.

7.      Novozymes is the owner of the entire right, title and interest to U.S. Patent Application Serial No. 08/435,557 ("the '557 application"), entitled "Process for the Production of Protein Products in Aspergillus," filed May 5, 1995, which is a continuation of Application Serial No. 07/954,371, filed Sept. 30, 1992 (abandoned); which is a continuation of Application Serial No. 07/236,605, filed August 25, 1988 (abandoned); which is a continuation-in-part of Application Serial No. 07/024,342, filed March 10, 1987 (abandoned), and claims benefit under 35 U.S.C. § 119 of Danish Application No. 1226/86, filed March 17, 1986; Danish Application

- 2

No. 2054/88, filed April 15, 1988; Danish Application No. 6560/87, filed December 15, 1987, and Danish Application No. 4500/87, filed August 28, 1987. The inventors listed on the '557 application are Esper Boel, Tove Christensen and Helle F. Woldike.

8.      U.S. Patent No. 5,364,770 ("the '770 patent"), entitled "Heterologous Polypeptides Expressed in Aspergillus" issued November 15, 1994, lists as inventors Randy M. Berka, Daniel Cullen, Gregory L. Gray, Kirk J. Hayenga, and Virgil B. Lawlis, and is assigned to Genencor. The '770 patent issued from Application Serial No. 07/413,010, filed September 25, 1989, which is a continuation of Application Serial No. 07/163,219, filed February 26, 1988 (abandoned), which is a continuation of Application Serial No. 06/882,224, filed July 7, 1986 (abandoned), which is a continuation-in-part of Application Serial No. 771,374, filed August 29, 1985 (abandoned). A copy of the '770 patent is attached hereto as Exhibit A.

9.      U.S. Patent No. 5,578,463 ("the '463 patent") See, entitled "Heterologous Polypeptides Expressed in Filamentous Fungi, Processes for Making Same, and Vectors for Making Same" issued November 26, 1996, lists as inventors Randy M. Berka, Daniel Cullen, Gregory L. Gray, Kirk J. Hayenga, and Virgil B. Lawlis, and is assigned to Genencor. The '463 patent issued from Application Serial No. 08/284,942, filed August 2, 1994, which is a continuation of Application Serial No. 413,010, filed September 25, 1989 (*i.e.*, the '770 patent); which is a continuation of Application Serial No. 07/163,219, filed February 26, 1988 (abandoned), which is a continuation of Application Serial No. 06/882,224, filed July 7, 1986 (abandoned), which is a continuation-in-part of Application Serial No. 771,374, filed August 29, 1985 (abandoned). A copy of the '463 patent is attached hereto as Exhibit B.

- 3

**The Board's Errors**

10.    On May 13, 2004, the Board declared an Interference between Novozymes' '557 application and Genencor's '770 and '463 patents. In declaring the '205 Interference, the Board made a determination that the Novozymes '557 application and the Genencor '770 and '463 patents claimed overlapping (or interfering) subject matter. The Board crafted two Counts (Counts 1 and 2, statements defining the interfering subject matter) between certain claims of Novozymes '557 application and the Genencor '770 and '463 patents.

11.    The Board erroneously defined Count 1 too broadly, basing Count 1 of the interference on claims of the parties which are directed to inventions that are each patentable in their own right, *i.e.*, Count 1 encompassed (in the alternative) Claim 34 of the '557 application, or Claim 1 of the '463 patent, or Claim 1 of the '770 patent.

12.    Claim 34 of the '557 application relates to a process for producing a protein using a recombinant DNA cloning vector system that integrates into the genome of a specific host fungus, *i.e.*, an *Aspergillus oryzae* host.

13.    Neither Claim 1 of the '463 patent nor Claim 1 of the '770 patent is limited to this specific *Aspergillus oryzae* host. Instead, these claims are generic with respect to the host organism, and encompass any *Aspergillus* host.

14.    Only one invention is commonly claimed in the '557 application, the '463 patent and the '770 patent. That invention is the secretion of polypeptides from transformed *Aspergillus oryzae* hosts, and includes the transformed *Aspergillus oryzae* hosts, as well as the processes in which the transformants are made and used to secrete the polypeptide.

- 4 -

064080.1002-

15.    In declaring the interference based on Count 1, the Board erred as a matter of law in disregarding the requirement that an interference count must be drawn to a single, commonly-claimed, patentable invention.

16.    The Board also erroneously defined Count 2 too broadly, basing Count 2 of the interference on claims of the parties that are directed to yet another set of separately patentable inventions, *i.e.*, Count 2 encompassed (in the alternative) Claim 44 of the '557 application, or Claim 19 of the '463 patent, or Claim 18 of the '770 patent.

17.    Claim 44 of the '557 application relates to a process for producing a protein including the step of culturing an *Aspergillus oryzae* host in a culture medium, wherein a recombinant DNA cloning vector system has been integrated into the genome of the specific *Aspergillus oryzae* host fungus.

18.    Neither Claim 19 of the '463 patent nor Claim 18 of the '770 patent is limited to this specific *Aspergillus oryzae* host. Instead, these claims are generic with respect to the host fungus, and encompass any *Aspergillus* host.

19.    In declaring the interference based on Count 2, the Board again erred as a matter of law, disregarding the requirement that an interference count must be drawn to a single, commonly-claimed, patentable invention.

**The Properly Defined Interfering Subject Matter**

20.    The only claims of the parties which define the same patentable invention are claims 42 and 54 of the '557 application; claims 34 and 53 of the '770 patent; and claims 37, 65 and 81 of the '463 patent. Each of these claims recites that the *Aspergillus* host organism includes *Aspergillus oryzae*.

- 5

21.    On November 8, 2004, the Party Boel moved to redefine the interfering subject matter by substituting a proposed Count 3, which properly defined the interfering subject matter for Counts 1 and 2 in the '205 Interference.  Count 3 is based (in the alternative) on the following interfering claims of the Novozymes '557 application and Genencor's '770 and '463 patents: claim 54 of the '557 application; or claim 34 of the '770 patent or claim 37 of the '463 patent; or claim 53 of the '770 patent or claim 65 of the 463 patent.

22.    The Party Boel also moved to be accorded benefit of the earlier filing dates of the following applications with respect to Count 3: U.S. Application Serial No. 07/954,371, filed Sept. 30, 1992; U.S. Application Serial No. 07/236,605, filed August 25, 1988; U.S. Application Serial No. 07/024,342, filed March 10, 1987; Danish Application No. 1226/86, filed March 17, 1986; Danish Application No. 2054/88, filed April 15, 1988; Danish Application No. 6560/87, filed December 15, 1987; and Danish Application No. 4500/87, filed August 28, 1987.

23.    On September 29, 2005, the Board issued a Decision - Motions Bd. R. 125(a) ("Decision on Preliminary Motions") that erroneously denied Boel's Motion to redefine the interfering subject matter by substituting proposed Count 3 for Counts 1 and 2.

24.    In the Decision on Preliminary Motions, the Board erroneously dismissed Boel's Preliminary Motion Nos. 2-7 seeking benefit of Boel's earlier applications with respect to Count 3 as moot in view of the Board's denial of Boel's Motion to redefine the interfering subject matter.

25.    The Party Berka was originally accorded benefit with respect to Count 1 and Count 2 of Genencor's Application Serial No. 06/882,224, filed July 7, 1986, and the Party Berka was thus designated as junior party in the interference as declared.  On November 23,

- 6 -

2004, the Party Berka moved to be accorded benefit of an earlier priority application, U.S.

Application Ser. No. 07/771,374 ("the '374 application"), filed August 29, 1985.

26.    On September 29, 2005, the Board erroneously entered Judgment on priority as to

Counts 1 and 2 against junior party Boel, based on the respective filing dates of Berka's '374

application (filed on August 29, 1985) and Boel's earliest filed Danish application (DK 1226/86,

filed on March 17, 1986). The Board erroneously held that the Party Boel is not entitled to a

patent containing claims 34-55 of the '557 application.

27.    Claims 39, 41, 51 and 53 of Novozymes' '557 application were not involved in

the '205 Interference, and the Board manifestly erred in holding that the Party Boel are not

entitled to a patent containing claims 39, 41, 51 and 53 of Novozymes' '557 application.

28.    If the Board had not erroneously denied Boel's motion to substitute Count 3 for

Counts 1 and 2, the Party Berka would not have been entitled to benefit of any earlier application

filing date prior to July 7, 1986, the filing date of Genencor's continuation-in-part Application

Serial No. 06/882,224.

29.    The Party Boel is the first inventor of the subject matter of proposed substitute

Count 3.

30.    Novozymes, as the real party in interest, is dissatisfied with the decision and

judgment of the Board in the '205 Interference, denying Boel's Preliminary Motion 1 to

substitute Count 3, dismissing Boel's Preliminary Motion Nos. 2-7 for benefit of earlier

applications, redeclaring the '205 Interference with the Party Berka as senior party, and holding

that Party Boel are not entitled to their application claims designated as corresponding to Counts

1 and 2. The judgment of the Board in the '205 Interference was erroneous, and Novozymes is

- 7 -

entitled to judgment in this action correcting the erroneous judgment and rulings of the Board, based on the record before the Board and any additional evidence that Novozymes may introduce in this action.

31.    No party to the '205 Interference has appealed the Board's decision to the United States Court of Appeals for the Federal Circuit.

32.    Novozymes has commenced this action within two (2) months of the Board's decision of September 29, 2005, rendering a judgment in the '205 Interference.

### Prayer For Relief

WHEREFORE, Plaintiff seeks the following relief:

A.    The Judgment of the Board dated September 29, 2005, in Interference No. 105,205, is reversed and vacated.

B.    The Decision on Preliminary Motions in Interference 105,205, dated September 29, 2005, is reversed and the interfering subject matter is redefined by substituting Boel's proposed Count 3 for Counts 1 and 2.

C.    The Redeclaration of Interference No. 105,205, dated September 29, 2005, is reversed and vacated, and the Party Boel are senior party in Interference No. 105,205 as to Count 3.

D.    The claims of the parties corresponding to proposed Count 3 are claims 42 and 54 of Boel's '557 Application; claims 34 and 53 of Berka's '770 patent; and claims 37, 65 and 81 of Berka's '463 patent.

- 8

E.    The Party Boel are entitled to benefit with respect to proposed Count 3 of the earlier filing dates of the following applications: U.S. Application Serial No. 07/954,371, filed Sept. 30, 1992; U.S. Application Serial No. 07/236,605, filed August 25, 1988 (abandoned); U.S. Application Serial No. 07/024,342, filed March 10, 1987; Danish Application No. 1226/86, filed March 17, 1986; Danish Application No. 2054/88, filed April 15, 1988; Danish Application No. 6560/87, filed December 15, 1987, and Danish Application No. 4500/87, filed August 28, 1987.

F.    The Party Berka are not entitled to benefit with respect to proposed Count 3 of any application filing date prior to July 7, 1986.

G.    Esper Boel, Tove Christensen and Helle F. Woldike are adjudged the first inventors of the invention defined by Count 3, and are entitled to a Letters Patent of the United States with claims 34-38, 40, 42-50, 52, 54 and 55 of their U.S. Patent Application Serial No. 08/435,557.

H.    The Party Boel's claims 39, 41, 51, and 53 are not involved in Interference No. 105,205, and Esper Boel, Tove Christensen and Helle F. Woldike are entitled to a Letters Patent of the United States with claims 39, 41, 51 and 53 of their U.S. Patent Application Serial No. 08/435,557.

I.    Randy M. Berka, Daniel Cullen, Gregory L. Gray, Kirk J. Hayenga and Virgil B. Lawlis are not entitled to claims 34 and 53 of U.S. Letters Patent No. 5,364,770.

- 9

J.    Randy M. Berka, Daniel Cullen, Gregory L. Gray, Kirk J. Hayenga and Virgil B. Lawlis are not entitled to claims 37, 65 and 81 of U.S. Letters Patent No. 5,578,463.

K.    The Director of the United States Patent and Trademark Office is authorized to cancel claims 34 and 53 of U.S. Letters Patent No. 5,364,770.

L.    The Director of the United States Patent and Trademark Office is authorized to cancel claims 37, 65 and 81 of U.S. Letters Patent No. 5,578,463.

M.    Costs and attorney fees are awarded in favor of Novozymes against defendant; and

N.    Novozymes is granted such other and further relief as may be appropriate.

Respectfully submitted,

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

OF COUNSEL:
John T. Callahan
Kenneth J. Burchfiel
Michael R. Dzwonczyk
SUGHRUE MION PLLC
2100 Pennsylvania Ave., N.W.
Washington, D.C. 20037
Ph.: (202) 293-7060
Fax: (202) 293-7860

Josy W. Ingersoll (No. 1088)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
(302) 571-6600
jingersoll@ycst.com

*Attorneys for Novozymes A/S*

DATED:  November 23, 2005

DB02:5108119.1                                                      064080.1002-