IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NOVOZYMES A/S, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 05-810-KAJ |
| v. | ) | |
| | ) | |
| GENENCOR INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER

Defendant, Genencor International, Inc. ("Genencor"), by and thorough its undersigned counsel, hereby answers the Complaint of Plaintiff, Novozymes A/S ("Novozymes"), and states as follows:

### The Parties[1]

1. Defendant Genencor admits that Plaintiff Novozymes is a Danish corporation having a place of business at Krogshoejvej 36, DK-2800, Bagsvaerd, Denmark.

2. Defendant Genencor admits that it is a Delaware corporation having a place of business at 925 Page Mill Road, Palo Alto, California 94304.

### Nature of the Action

3. Defendant Genencor admits that this is an action brought under 35 U.S.C. § 146 to remedy the Judgment issued September 29, 2005 in Interference No. 105,205 (the "'205

---

[1] To facilitate the Court's comparison of the allegations of the Complaint with the responses thereto, Defendant Genencor has used headings in this Answer that correspond to the headings that appear in the Complaint. It should be understood, however, that Defendant Genencor does not necessarily agree with the characterizations in such headings and does not waive any rights to object to such characterizations or their implications.

Interference") and that it was titled as indicated in paragraph 3 of the Complaint and, except as so admitted, denies the allegations of paragraph 3 of the Complaint.

## Jurisdiction and Venue

4. Defendant Genencor admits the allegations of paragraph 4 of the Complaint.

5. Defendant Genencor admits the allegations of paragraph 5 of the Complaint.

## Background

6. *See* responses above to paragraphs 1-5 of the Complaint.

7. Defendant Genencor admits that U.S. Patent Application Serial No. 08/435,557 (the "'557 application") is entitled "Process for the Production of Protein Products in Aspergillus" and lists Esper Boel, Tove Christensen, and Helle Woldike as inventors, and was filed May 5, 1995, as a continuation of Application Serial No. 07/954,371, filed September 30, 1992 (now abandoned), which is a continuation of Application Serial No. 07/236,605, filed August 25, 1988 (now abandoned), which is a continuation-in-part of Application Serial No. 07/024,342, filed March 10, 1987 (now abandoned). Defendant Genencor also admits that the '557 application claims benefit under 35 U.S.C. § 119 of Danish Application No. 4500/87, filed August 28, 1987 and Danish Application No. 1226/86, filed March 17, 1986. Defendant Genencor admits that Danish Application No. 2054/88, filed April 15, 1988, and that Danish Application No. 6560/87, filed December 15, 1987. Defendant Genencor is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7 of the Complaint and therefore denies such allegations.

8. Defendant Genencor admits the allegations of paragraph 8 of the Complaint.

9. Defendant Genencor admits the allegations of paragraph 9 of the Complaint.

## The Board's Alleged Errors

10.    Defendant Genencor admits the allegations of paragraph 10 of the Complaint.

11.    Defendant Genencor admits that Count 1 of the '205 Interference encompassed (in the alternative) claim 34 of Plaintiff Novozymes' '557 application, or certain subject matter of claim 1 of Defendant Genencor's U.S. Patent No. 5,578,463 (the "'463 patent) or claim 1 of Defendant Genencor's U.S. Patent No. 5,364,770 (the "'770 patent), and, except as so admitted, denies the allegations of paragraph 11 of the Complaint.

12.    Defendant Genencor admits the allegations of paragraph 12 of the Complaint.

13.    Defendant Genencor admits the allegations of paragraph 13 of the Complaint.

14.    Defendant Genencor denies the allegations of paragraph 14 of the Complaint.

15.    Defendant Genencor admits that an interference count is to be drawn to a single, commonly-claimed invention, and, except as so admitted, denies the allegations of paragraph 15 of the Complaint.

16.    Defendant Genencor admits that Count 2 of the '205 Interference encompassed (in the alternative) Claim 44 of Plaintiff Novozymes' '557 application, or Claim 19 of Defendant Genencor's '463 patent, or Claim 18 of Defendant Genencor's '770 patent, and, except as so admitted, denies the allegations of paragraph 16 of the Complaint.

17.    Defendant Genencor admits the allegations of paragraph 17 of the Complaint.

18.    Defendant Genencor admits the allegations of paragraph 18 of the Complaint.

19.    Defendant Genencor admits that an interference Count is to be drawn to a single, commonly-claimed invention, and, except as so admitted, denies the allegations of paragraph 19 of the Complaint.

### Interfering Subject Matter as Alleged by Plaintiff Novozymes

20.    Defendant Genencor denies the allegations of paragraph 20 of the Complaint.

21.    Defendant Genencor admits that on November 8, 2004, Plaintiff Novozymes moved to redefine the subject matter of the '205 Interference by substituting proposed Count 3 for Counts 1 and 2, and that Count 3 was based (in the alternative) upon the subject matter of claim 54 of Plaintiff Novozymes' '557 application; or upon claim 34 of Defendant Genencor's '770 patent or claim 37 of Defendant Genencor's '463 patent; or upon claim 53 of Defendant Genencor's '770 patent or claim 65 of Defendant Genencor's '463 patent. Except as so admitted, Defendant Genencor denies the allegations of paragraph 21 of the Complaint.

22.    Defendant Genencor admits the allegations of paragraph 22 of the Complaint.

23.    Defendant Genencor admits that on September 29, 2005, the Board issued a Decision on Motions in the '205 Interference, denying party Boel's Motion [Boel Preliminary Motion 1] to redefine the interfering subject matter by substituting proposed Count 3 for Counts 1 and 2, and, except as so admitted, denies the allegations of paragraph 23 of the Complaint.

24.    Defendant Genencor admits that, in the Decision on Preliminary Motions, the Board dismissed party Boel's Preliminary Motions 2-7 seeking benefit of Boel's earlier applications with respect to proposed Count 3 as moot in view of the Board's denial of Boel Preliminary Motion 1 to redefine the interfering subject matter, and, except as so admitted, denies the allegations of paragraph 24 of the Complaint.

25.    Defendant Genencor admits the allegations of paragraph 25 of the Complaint.

26.    Defendant Genencor admits that on September 29, 2005, the Board awarded priority as to Counts 1 and 2 against party Boel on the basis of the respective filing dates of Berka's U.S. application Serial No. 06/771,374 and Boel's Danish application, DK 1226/86, and

that the Board erroneously held that party Boel was not entitled to a patent containing claims 39, 41, 51, and 53 of the '557 application. Except as so admitted, Defendant Genencor denies the allegations of paragraph 26 of the Complaint.

27. Defendant Genencor admits the allegations of paragraph 27 of the Complaint.

28. Defendant Genencor is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint and therefore denies such allegations.

29. Defendant Genencor is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Complaint and therefore denies such allegations.

30. Defendant Genencor admits that Novozymes is dissatisfied with the decision and judgment of the Board in the '205 Interference, and, except as so admitted, denies the allegations of paragraph 30 of the Complaint.

31. Defendant Genencor admits the allegations of paragraph 31 of the Complaint.

32. Defendant Genencor admits the allegations of paragraph 32 of the Complaint.

### **Affirmative Defenses**

As separate and affirmative defenses to the allegations of the Complaint, Defendant Genencor alleges as follows:

33. The Complaint fails to state a claim upon which relief can be granted.

34. In the September 29, 2005, Decision on Preliminary Motions, the Board correctly denied Boel Preliminary Motion 1, seeking to redefine the interfering subject matter by substituting proposed Count 3 for Counts 1 and 2.

35. In the September 29, 2005, Decision on Preliminary Motions, the Board correctly dismissed as moot Boel Preliminary Motions 2-7, seeking the benefit of the filing date of Boel's earlier-filed applications for proposed Count 3.

36. In the September 29, 2005, Decision on Preliminary Motions, the Board correctly granted Berka Preliminary Motion 1, according Berka priority benefit of the August 29, 1985 filing date of Berka's U.S. application Serial No. 06/771,374 as to Counts 1 and 2.

37. In the September 29, 2005, Redeclaration, the Board correctly granted Berka priority of invention as to Counts 1 and 2, and designated Berka as the Senior Party.

38. In the September 29, 2005, Judgment, the Board correctly ordered that priority as to Counts 1 and 2 is awarded against Junior Party ESPER BOEL, TOVE CHRISTENSEN, AND HELLE F. WOLDIKE and correctly ordered that Junior Party Boel is not entitled to a patent containing claims 34-38, 40, 42-50, 52, 54, and 55, of application Serial No. 08/435,557.

WHEREFORE, Defendant Genencor prays that this Court:

A. Dismiss Plaintiff Novozymes' Complaint against Defendant Genencor, with prejudice;

B. Affirm the Board's September 29, 2005 Decision on Motions in favor of Defendant Genencor and against Novozymes in all respects;

C. Reverse the Board's September 29, 2005 Judgment that Novozymes is not entitled to a patent containing claims 39, 41, 51, and 53 of Boel's '557 application but affirm the Board's September 29, 2005 Judgment in all other respects;

D. Other than as provided in Paragraph C, enter Judgment for Defendant Genencor and against Plaintiff Novozymes; and

E.   Award Defendant Genencor such other and further relief as this Court deems just and proper, including the award of costs and attorneys' fees in this action.

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | /s/ Donald E. Reid |
|  | Donald E. Reid (#1058)<br>Jason A. Cincilla (#4232)<br>1201 N. Market Street<br>18th Floor<br>Wilmington, DE 19899-1347<br>(302) 658-3200<br>   Attorneys for Genencor International, Inc. |

OF COUNSEL:
Kenneth R. Adamo
**JONES DAY**
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190

Gidon D. Stern
Thomas E. Friebel
**JONES DAY**
222 East 41st Street
New York, New York 10017

February 13, 2006

## CERTIFICATE OF SERVICE

I, Donald E. Reid, hereby certify that on the 13th day of February, 2006 an Answer was served by electronic filing on counsel of record. I also certify that copies were caused to be served on February 13, 2006 upon the following in the manner indicated:

### BY HAND

Josy W. Ingersoll, Esquire
Young, Conaway, Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

### BY FEDERAL EXPRESS

John T. Callahan, Esquire
Sughrue Mion PLLC
2100 Pennsylvania Avenue, NW
Washington, DC 20037

_____
Donald E. Reid (#1058)