IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NOVOZYMES A/S,                          )
                                        )
                    Plaintiff,          )
                                        )
        v.                              )        Civil Action No. 05-810-KAJ
                                        )
GENENCOR INTERNATIONAL, INC.,           )
                                        )
                    Defendant.          )

## SCHEDULING ORDER

This ____ day of _____, 200_, the Court having conducted an initial Rule 16

scheduling and planning conference pursuant to Local Rule 16.2(a) on _____, 200_, and

the parties having determined after discussion that the matter cannot be resolved at this juncture by

settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1.    Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.  The parties

shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on April 3,

2006.  If they have not already done so, the parties are to review the Court's Default Standard for

Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders,

etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated

herein by reference.

2.    Joinder of Other Parties and Amendment of Pleadings.  All motions to join other

parties, and to amend or supplement the pleadings shall be filed on or before July 28, 2006,

3.    <u>Discovery</u>.

a.    <u>Limitation on Hours for Deposition Discovery</u>.  Each side is limited to a total of 200 hours of taking testimony by deposition upon oral examination.

b.    <u>Location of Depositions</u>.  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district.  Exceptions to this general rule may be made by order of the Court.  A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

c.    <u>Discovery Cut Off</u>.  All discovery in this case shall be initiated so that it will be completed on or before March 2, 2007 with fact discovery to be completed by November 17, 2006.  The Court encourages the parties to serve and respond to contention interrogatories early in the case.  Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

d.    <u>Disclosure of Expert Testimony</u>.  Initial Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony shall be exchanged on December 1, 2006; supplemental expert disclosures to contradict or rebut evidence on the same subject matter identified by another party shall be exchanged on January 5, 2007.  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

e.    <u>Discovery Disputes</u>.  Should counsel find they are unable to resolve a

discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6001 to schedule

a telephone conference.  Not less than forty-eight hours prior to the conference, the party seeking

relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and

its position on those issues.  (The Court does not seek extensive argument or authorities at this

point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the

party's position on the issue.)  Not less than twenty-four hours prior to the conference, any party

opposing the application for relief may file a letter, not to exceed three pages, outlining that party's

reasons for its apposition.  Should the Court find further briefing necessary upon conclusion of the

telephone conference, the Court will order it.  Disputes over protective orders are to be addressed in

the first instance in accordance with this paragraph.

4.    <u>Application to Court for Protective Order</u>.  Should counsel find it will be necessary

to apply to the Court for a protective order specifying terms and conditions for the disclosure of

confidential information, counsel should confer and attempt to reach an agreement on a proposed

form of order and submit it to the Court within ten days from the date of this Order.  Should

counsel be unable to reach an agreement on a proposed form of order, the counsel must first follow

the provisions of Paragraph 3e above.

Any proposed order should include the following paragraph:

> <u>Other Proceedings</u>.  By entering this order and limiting the disclosure
> of information in this case, the Court does not intend to preclude
> another court from finding that information maybe relevant and
> subject to disclosure in another case.  Any person or party subject to
> this order who becomes subject to a motion to disclose another
> party's information designated "confidential" [the parties should list
> any other level of designation, such as "highly confidential," which
> may be provided for in the protective order] pursuant to this order
> shall promptly notify that party of the motion so that the party; may

have an opportunity to appear and be heard on whether that
information should be disclosed.

5.     <u>Papers Filed Under Seal</u>.  When filing papers under seal, counsel should deliver to

the Clerk an original and one copy of the papers.

6.     <u>Settlement Conference</u>.  Pursuant to 28 U.S.C. § 636, this matter is referred to the

United States Magistrate for the purpose of exploring the possibility of a settlement.  The

Magistrate Judge will schedule a settlement conference with counsel and their clients to be held

within ninety days from the date of this Order.

7.     <u>Interim Status Report</u>.  On December 28, 2006, counsel shall submit a letter to the

Court with an interim report on the nature of the matters in issue and the progress of discovery to

date.

8.     <u>Status Conference</u>.  On January 4, 2007, the Court will hold a Rule 16(a), (b) and (c)

conference by telephone with counsel beginning at 4:30 p.m.  Plaintiffs counsel shall initiate the

telephone call.

If all parties agree that there is nothing to report, nor anything to add to the interim status

report or to this order, they may so notify the Court in writing before the conference is scheduled to

occur, and the conference will be taken off of the Court's calendar.

9.     <u>Tutorial Describing the Technology and Matters in Issue</u>.  The parties shall provide

the Court by January 31, 2007, 2:00 p.m., a tutorial on the technology at issue.  In that regard, each

party may submit a videotape or CD Rom of not more than 30 minutes.  The parties may choose to

present the tutorial in person.  In either event, the tutorial should focus on the technology in issue

and should not be used to argue the parties' claims construction contentions.  If the parties choose

to file videotapes, they should be filed under seal as part of the Court's file, subject to any

protective order in effect.  Each party may comment, in writing (in no more than 5 pages) on the

opposing party's videotape tutorial. Any such comment shall be filed within ten (10) days of submission of the videotapes.

10.    <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before March 23, 2007. Briefing will be presented pursuant to the Court's Local Rules.

11.    <u>Claim Construction Issue Identification</u>. Defendant contends that no claim construction is legally appropriate or necessary in this case. Plaintiff contends that claim construction is both legally appropriate and necessary here. If the Court decides to hear evidence and argument on claim construction, and if the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on September 25, 2006, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted pursuant to paragraph 12 below. The parties Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon are to be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

12.    <u>Claim Construction</u>. Issues of claim construction shall be submitted to the Court no later than March 23, 2007, to be considered by the Court in conjunction with the parties' summary judgment motions.

064080.1002

13.    <u>Hearing on Claim Construction</u>.  Beginning at 2:00 p.m. on May 8, 2007, the Court will hear evidence and argument on claim construction and summary judgment.

14.    <u>Applications by Motion</u>.  Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk.  Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15.    <u>Pretrial Conference</u>.  On September 5, 2007, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at 4:30 p.m.  Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3).  The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before August 6, 2007.

16.    <u>Motions *in Limine*</u>.  Motions *in limine* shall not be separately filed.  All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court.  The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five pages of argument and may be opposed by a maximum of five pages of argument. if more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single five (5) page submission, unless otherwise ordered by the Court.  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

17.    <u>Jury Instructions. Voir Dire, and Special Verdict Forms</u>.  Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions

064080.1002

to the jury, and special verdict farms and jury interrogatories three full business days before the final pretrial conference:  That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

18.    <u>Trial</u>.  This matter is scheduled for a 9 day bench trial beginning at 9:00 a.m. on October 9, 2007 through October 19, 2007.  For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of 22 hours to present their case.

_____
UNITED STATES DISTRICT JUDGE