IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOVOZYMES A/S )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GENENCOR INTERNATIONAL, INC. )<br>)<br>Defendant. )<br>) | Civil Action No. 05-810-KAJ |

## STIPULATION, CONSENT ORDER AND JUDGMENT

Plaintiff, Novozymes A/S ("Novozymes") and Defendant, Genencor International, Inc. ("Genencor") hereby stipulate to the following findings of fact and conclusions of law, and consent to this Order and Judgment:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. Plaintiff, Novozymes A/S, filed this action under 35 U.S.C. §146, following a decision in Patent Interference No. 105,205, before the Board of Patent Appeals and Interferences of the United States Patent Office. In its "Judgment --Rule 127" dated September 29, 2005, the Board awarded judgment of priority of invention as to Counts 1 and 2 of the interference against party Esper Boel, Tove Christensen, and Helle F. Woldike, *i.e.*, against the inventors named in Novozymes' involved United States Patent Application Ser. No. 08/435,557. Based on this priority determination, the Board ordered that Boel *et al.* is not entitled to a patent containing Claims 34-55 of Application Ser. No. 08/435,557.

1

2.  The Board's judgment awarded priority of invention to party Randy M. Berka, Daniel Cullen, Gregory L. Gray, Kirk J. Hayenga, and Virgil B. Lawlis, *i.e.*, the inventors named in Genencor's involved United States Patent Nos. 5,364,770 and 5,578,463.

3.  Novozymes timely filed the present action under 35 U.S.C. §146, and this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4.  Subject to exceptions not pertinent here, in an interference, priority of invention is awarded to the first party to reduce to practice the invention defined by the interference count(s), unless the other party can show it was the first to conceive of that invention and that it exercised reasonable diligence in later reducing it to practice. *Hitzeman v. Rutter*, 243 F.3d 1345, 1353 (Fed. Cir. 2001).

5.  The Board's award of priority was based on its conclusion that Boel's earliest accorded priority benefit date is March 17, 1986, the filing date of its Danish Patent Application DK 1226/86. The Board stated that Berka's accorded priority date as to Counts 1 and 2 of the interference is August 29, 1985, the filing date of U.S. Patent Application 06/771,374.

6.  Resolution of the priority dispute in the present interference depends on the appropriate definition of the interfering subject matter set forth by the interference count(s).

7.  The invention generally at issue in the interference relates to heterologous peptides expressed and secreted by filamentous fungi and to vectors and processes for expressing and secreting these peptides, and more particularly, to fungi of the genus *Aspergillus*, which includes the species *Aspergillus nidulans*, *Aspergillus niger*, *Aspergillus flavins*, *Aspergillus japonicus*, and *Aspergillus oryzae*. There are over 200 species of *Aspergillus*, each of which produces its own array of proteins. (Board F1-F5).

8.  Count 1 of the interference is as follows:

Claim 34 of Boel,

or

A DNA construct for use in transforming an *Aspergillus* host to enable secretion of a heterologous polypeptide, said DNA construct comprising promoter DNA from an *Aspergillus* gene or a fungal gene operably linked to coding DNA, said coding DNA comprising DNA coding for a signal peptide and said heterologous polypeptide. (Claim 1 of Berka '770 or claim 1 of Berka '463). (Board F34).

9.  Claim 34 of Boel reads:

A process for producing a protein, comprising:

(a)  providing a recombinant DNA cloning vector system that integrates into the genome of an *Aspergillus oryzae* host in one or more copies, the vector system comprising:

DNA sequences encoding functions facilitating gene expression comprising a promoter, transcription initiation sites, and transcription terminator and polyadenylation functions, wherein the promoter is a fungal promoter;

a DNA sequence encoding a marker that allows for selection of transformants; and

a DNA sequence encoding a protein, wherein the DNA sequence encoding the protein is operatively linked to the DNA sequences encoding functions facilitating gene expression;

(b)  transforming the *Aspergillus oryzae* host, which does not harbour a functional gene for the marker, with the recombinant DNA cloning vector system of step (a);

      (c)    culturing the transformed *Aspergillus oryzae* host in a suitable culture medium; and

      (d)    recovering the protein.

(Board F35).

10. Count 1 of the interference thus encompasses both a DNA construct for use in transforming an *Aspergillus* host to enable secretion of a heterologous polypeptide, as claimed by Berka, and a process for transforming an *Aspergillus oryzae* host to produce a protein, as claimed by Boel. Berka's '770 patent Claim 1 and '463 patent Claim 1 encompass the transformation of any species of the *Aspergillus* genus, while Boel's claim 34 is limited to a process for transforming the single species, *Aspergillus oryzae*.

11. Count 2 of the interference similarly encompasses both Claim 44 of Boel, which relates to a process for producing a protein by culturing a transformed *Aspergillus oryzae* host, and Berka '770 Claim 18 and Berka '463 Claim 19, each of which relates to a transformed *Aspergillus* expression host, without limitation as to species. (Board F37-F38).

12. During the interference, Boel moved to redefine the interfering subject matter by substituting proposed Count 3 for Counts 1 and 2. (Boel Preliminary Motion 1, Paper 41, p. 1).

13. Boel maintained that interference Counts 1 and 2 improperly combine claims directed to generic *Aspergillus* hosts, with claims limited to hosts of the species *Aspergillus oryzae*. (Boel Preliminary Motion 1, Paper 41, p. 1).

14. In order to determine the scope of interfering subject matter, the Board in this interference applied a "two-way" test under former 37 C.F.R. §1.601(n), to ascertain whether the parties claimed "the same patentable invention." *See Eli Lilly & Co. v. University of Washington*, 334 F.3d 1264 (Fed. Cir. 2003). Applying this analysis, the claimed invention of each party is assumed to be prior art vis-à-vis the other party, without regard to benefit dates. In determining whether parties are claiming the same

patentable invention, under the two-way test, the claimed invention of party A must anticipate or render obvious the claimed invention of party B, *and* the claimed invention of party B must anticipate or render obvious the claimed invention of party A.

15. In Boel Preliminary Motion No. 1, Boel sought to redefine the subject matter of the interference on the basis that the two-way test was not satisfied. Although Boel's claims to transformants of the species *Aspergillus oryzae* fall within the genus *Aspergillus*, and thus anticipate this genus, Boel maintained that broader claims to generic *Aspergillus* transformants do not anticipate or render obvious the species claims.

16. Boel maintained that the only commonly claimed invention in Boel's '557 application and Berka's '770 and '463 patents is the secretion of polypeptides from transformed *Aspergillus oryzae* hosts. (Paper 41, p. 20, Board F70). Boel urged that the commonly claimed invention does not encompass generic transformants or the expression of polypeptides by the generic transformants. (Board F70). Boel maintained that (1) the use of *Aspergillus oryzae* to express or secrete polypeptides is separately patentable from the generic use of *Aspergillus* and (2) that secretion is separately patentable from mere expression. (Board Decision, p. 24).

17. Accordingly, Boel maintained that the only interfering claims of the parties are those which require the use of *Aspergillus oryzae*, *i.e.*, Boel '557 Claims 42 and 54, Berka '463 Claims 37, 65 and 81, and Berka '770 Claims 34 and 53.

18. Boel proposed the substitution of Count 3, limited to *Aspergillus oryzae* transformants and secretion, which contains three alternative paragraphs. (Paper No. 41, pages 15-16). The first alternative of Count 3 combines '770 Claim 34 and '463 Claim 37. The second alternative of Count 3 combines '770 Claim 53 and '463 Claim 65. The third alternative paragraph of Count 3 is '557 Claim 54.

19. Count 3 proposed by Boel is as follows:

A transformed *Aspergillus* expression host capable of secreting a heterologous polypeptide, said host being transformed with a vector comprising promoter DNA from an *Aspergillus* gene or a fungal gene operably linked to coding DNA, said coding DNA comprising DNA coding for a signal peptide and said heterologous polypeptide, wherein said *Aspergillus* host is *A. oryzae*;

or

A process for producing a polypeptide comprising:

culturing an *Aspergillus* host transformed with a vector comprising promoter DNA from an *Aspergillus* gene or a fungal gene operably linked to coding DNA, said coding DNA comprising DNA coding for a signal peptide and a heterologous polypeptide, wherein said culturing is under conditions which permit the expression of said coding DNA and secretion of said heterologous polypeptide, wherein said *Aspergillus* host is *A. oryzae*;

or

A process for producing a protein, comprising:

(a) providing a recombinant DNA cloning vector system that integrates into the genome of an *Aspergillus oryzae* host in one or more copies, the vector system comprising:

DNA sequences encoding functions facilitating gene expression comprising a promoter, transcription initiation sites, and transcription terminator and polyadenylation functions, wherein the promoter is a fungal promoter;

a DNA sequence encoding a marker that allows for selection of transformants; and

a DNA sequence encoding a protein, wherein the DNA sequence encoding the protein is operatively linked to the DNA sequences encoding functions facilitating gene expression;

  (b) transforming the *Aspergillus oryzae* host, which does not harbour a functional gene for the marker, with the recombinant DNA cloning vector system of step (a);

  (c) culturing the transformed *Aspergillus oryzae* host in a suitable culture medium; and

  (d) recovering the protein. [*i.e.*, Boel '557 Claim 54]

20. Berka did not oppose Boel's Preliminary Motion No. 1 to substitute Count 3.

21. In support of its argument that use of *Aspergillus oryzae* is separately patentable from the generic use of *Aspergillus*, Boel relied on the prosecution history of its involved '557 application, and on evidence including publications submitted during *ex parte* prosecution. (Board F74-F82). During prosecution of the '557 application, the United States Patent and Trademark Office recognized that the use of *Aspergillus oryzae* is separately patentable from the generic use of *Aspergillus*.

22. The Board declined to consider this evidence, on the basis that it had not been made of record in the interference. (Decision, pp. 28-30). The Board also declined to consider declaration evidence establishing that the transformation of *Aspergillus oryzae* provides surprising and unexpected results in the form of substantially higher yields of recombinant protein. (Boel Interference Ex. 1013).

23. The parties agree that the evidence excluded by the Board establishes that the transformation of *Aspergillus oryzae* provides surprising and unexpected results in the form of substantially higher yields of recombinant protein, in comparison with other transformed *Aspergillus* species.

24. In view of this additional evidence not considered by the Board, the Court finds that the parties' claims which are limited to the use of *Aspergillus oryzae* are neither anticipated by, nor rendered obvious by, the broader claims included in Count 1 and Count 2, which generically encompass the use of any *Aspergillus* species.

25. The only interfering claims of the parties in the present interference are claims requiring the use of *Aspergillus oryzae* to secrete a heterologous polypeptide, as follows:

Boel '557 Claims 42 and 54,

Berka '463 Claims 37, 65 and 81, and

Berka '770 Claims 34 and 53.

26. The Court adopts Boel's proposed Count 3 as the appropriate definition of this interfering subject matter.

27. The significance of this redefinition of the interfering subject matter is that Boel's first disclosure of a transformed *Aspergillus oryzae* species capable of secreting a heterologous polypeptide within the scope of Count 3 appears in Boel's Danish Patent Application DK 1226/86, filed on March 17, 1986. The first disclosure of any transformed *Aspergillus oryzae* species by Berka appears in Berka's U.S. Patent Application Ser. No. 06/882,224, filed July 7, 1986.

28. The party Boel *et al.* is entitled to benefit with respect to Count 3 of the earlier filing dates of the following applications: U.S. Application Serial No. 07/954,371, filed Sept. 30, 1992; U.S. Application Serial No. 07/236,605, filed August 25, 1988 (abandoned); U.S. Application Serial No. 07/024,342, filed March 10, 1987; Danish Application No. 1226/86, filed March 17, 1986; Danish Application No. 2054/88, filed April 15, 1988; Danish Application No. 6560/87, filed December 15, 1987, and Danish Application No. 4500/87, filed August 28, 1987.

29. In the proceedings before the Board, Berka did not file a motion seeking benefit of any earlier-filed application with respect to Count 3.

30. Accordingly, Boel is entitled to judgment of priority of invention with respect to Count 3.

**Based on the foregoing, IT IS HEREBY FOUND, ORDERED, ADJUDGED, AND DECREED BY THE COURT THAT:**

A. The Judgment of the Board dated September 29, 2005, in Interference No. 105,205, is reversed.

B. The Decision on Preliminary Motions in Interference 105,205, dated September 29, 2005, is vacated.

C. The Redeclaration of Interference No. 105,205, dated September 29, 2005, is vacated.

D. Count 3 is substituted for Counts 1 and 2.

E. Priority of invention with respect to Count 3 is awarded to the party Esper Boel, Tove Christensen and Helle F. Woldike.

F. The Director of the United States Patent and Trademark Office is authorized to issue a patent containing Claims 34 to 55 of United States Patent Application Ser. No. 08/435,557, to the party Esper Boel, Tove Christensen and Helle F. Woldike.

G. The party Randy M. Berka, Daniel Cullen, Gregory L. Gray, Kirk J. Hayenga and Virgil B. Lawlis is not entitled to a patent containing Claims 34 and 53 of United States Letters Patent No. 5,364,770.

H. The party Randy M. Berka, Daniel Cullen, Gregory L. Gray, Kirk J. Hayenga and Virgil B. Lawlis is not entitled to a patent containing Claims 37, 65 and 81 of United States Letters Patent No. 5,578,463.

I. Jurisdiction over the parties hereto is retained for the purpose of enabling any of the parties to apply to this Court at any time for such further orders and directions as may be necessary or appropriate in relation to the construction and/or

enforcement of any of the provisions hereof including those of the aforementioned Settlement Agreement.

J.  Each party shall bear its own costs and attorney fees.

K.  Final Judgment shall be entered hereto, forthwith, without further notice.

The Clerk is directed to enter this Consent Order and Judgment forthwith.

SO ORDERED on this 2nd day of Oct., 2006

_____
Hon. Kent Jordan
United States District Court Judge

| NOVOZYMES A/S | GENENCOR INTERNATIONAL INC. |
|---|---|
| By its attorneys: | By its attorneys: |
| YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Josy W. Ingersoll (# 1088)<br>John W. Shaw (# 3362)<br>Karen E. Keller (# 4489)<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, Delaware 19801<br>(302) 571-6600<br>kkeller@ycst.com | /s/ Donald E. Reid<br>MORRIS NICHOLS ARSHT & TUNNELL<br>Donald E. Reid (No. 1058)<br>1201 N. Market Street<br>P.O.Box 1347<br>Wilmington, DE 19899-1347<br>(302) 575-7219<br>dreid@mnat.com |